Good afternoon, Your Honor. Lila Morgan, Federal Defenders, on behalf of the appellant, Rodrigo P. The portion of the opinion regarding the certification provisions of the Juvenile Delinquency Act should be withdrawn because the opinion's interpretation of Section 5032 is based on a flawed interpretation of the term jurisdiction and renders the second clause of the statute meaningless. Section 5032 What do you think the second? You're brief. And there are many reasons why I want to we wanted to have argument, but one of them is that really how the two clauses work together. And your brief was confusing in that regard, because you were very understandably insistent that the first clause referred only to the court, but you seem to be assuming the second clause referred to the prosecutor. Well, and I think that was that's confusion I unduly cause. The first clause absolutely refers to the court. The statutorily conferred authority to hear the case, California Welfare and Institution Code Section 602 states that whenever a juvenile commits an act that would be a violation of Federal or State law, then they can be deemed a ward of the court. The second clause, I think the court's interpretation has said, or the opinion's interpretation of it, essentially convolutes State court and replaces that term court with prosecutor by saying that if a State prosecutor refuses to assume jurisdiction, which is what essentially happened in this case, then that's the same as the court not having jurisdiction. But I would like to know what you think the second clause means. I think the second clause means specifically that the State court has to refuse that jurisdiction. I think in this case, we can answer the question that the certification So why is there an inconsistency? Why does it render the – why does the opinion's construction render the second clause nonfunctional? I mean, the first one says that the court has to not have jurisdiction, has to – in other words, the difference would be between the person never having asserted jurisdiction, never having jurisdiction in the first place, and the second one would be if they had jurisdiction but then refused to assert it. Well, I think by saying that the State prosecutor's decision changes the State court's jurisdiction uses the term – confuses whether we're talking about subject matter or personal jurisdiction. And that's why I think it renders the second clause unnecessary, because if the State prosecutor – if the State prosecutor says, I don't want to prosecute this case, and that means the same as the court doesn't have jurisdiction, then why even have a second clause where the State would refuse to assume jurisdiction? The – obviously, what I'm about to say does not speak for anyone else on the Court but myself. I was a concurrence in the case. I didn't write the decision. However, the way it appeared to me, and the way it appeared to me that the two sections were reconcilable, is one that is not addressed at all in the briefing. And so if you'll give me a second to set out what I at least thought at the time to give you an opportunity to show why I was wrong, you know, it would be helpful to me. At common law, private persons instituted criminal proceedings, hired their lawyer, spelled out an indictment. But the government, the king, the queen, through their attorney general, had the power to do what they call noli prosecute, which was to terminate a prosecution privately brought. In this country, almost from the inception, government attorneys bring criminal cases. There are, I suppose, some residual ability for private people, but structurally, the government attorneys bring the action. The — but the courts in California has recognized that and said there is no, strictly speaking, noli prosecute power here because it would be redundant in part and because it would violate separation of powers in the other, which is — gets to my point. In a couple of cases, most recently, Mondelez v. Superior Court and People v. Thomas. The first is 41 Pacific 3rd.3. The second is 109 Pacific 3rd.564, both decisions of the California Supreme Court. The Court drew a sharp distinction between the prosecutor's power to initiate a prosecution and the prosecution's power once the prosecution was already initiated. And they concluded that the separation of powers prevents the legislature from authorizing the prosecution to control the discretion of the court once the has absolute authority to determine whether to bring a prosecution in the first instance or not. If, as you suggest in your brief, we define jurisdiction broadly to include both subject matter, imprisonment, et cetera, the — the jurisdiction of a court is its power to act. And if under California law, the prosecutor's decision not to bring an action denies the court the power to proceed, in other words, if the court cannot sui sponte, initiate a criminal prosecution, why isn't it not reasonable to distinguish between the two clauses on this basis, slightly differently than you've analyzed it, and say the first clause, the court's lack of jurisdiction extends not only to situations like the Ninth Circuit addressed, where a crime occurred on an individual Indian reservation, and the question was, did the Indian tribal court have to deny jurisdiction? And the Ninth Circuit said, no, it's if the State court lacks jurisdiction, as they would under those circumstances. But why don't we add to that situations where the prosecutor has declined to bring the action in the first instance, thus precluding the court from going forward, consistent with Mandalay and Thomas, the distinction that the California Supreme Court has raised? And if we do that, recognizing that the Federal statute is not aimed solely at California, but attempts to pick up all of the varying ways that other courts have addressed this, why shouldn't we just follow the Fourth Circuit decision in the United States v. TM, 413, Fed 3rd, 420, where they distinguished on this basis that where the prosecutor brings the action and it's in court, the court has assumed jurisdiction, but then there's a motion to dismiss or the court so esponte dismisses, that's a declining of jurisdiction. But where the prosecution never brings the action in the first place, that's a lack of jurisdiction. Well, I think the first answer is that because juveniles are different. And TM in the Fourth Circuit, I am somewhat familiar with it, but I don't think it's as illustrative as the district court case from Oregon. Here, where, and that would be United States v. Juvenile Mail, just one second and I'll have the site for you, 599 F. Sup. 1126. It's a district court case out of the District of Oregon, and there what the district court looked at is because the way juvenile prosecutions are handled in Oregon, and the same can be true in California, it's more of a collaborative process. Well, how do we know the same is true in California? There's nothing in the record to suggest that, or in the case law that I've seen. It's – I'll get there in just a second. But in Oregon, for instance, they actually had an evidentiary hearing on the matter, but prosecutions are brought in a different manner and it's a collaborative process by which the prosecutor meets with different officials and eventually the court and a judge testify that the court should, in effect, be the one that certifies that they're going to refuse prosecution, that it's not enough that the prosecutor do it because of the way juvenile cases are brought. In California, if you look to the statutes, Section 650 of the California Welfare and Institutions Code, which the government relies on, discusses the initiation of proceedings by the filing of a complaint by the prosecutor. However, if you look to the full code, Sections 626 and Section 630, a probation officer can bring proceedings by filing a petition through the prosecutor, but it's a collaborative process. The requirement is actually – Okay. But none of that matters, it seems to me, if the – somehow or other, the person has to get into court. And it seems to me it is a species of in personam jurisdiction, i.e., there has to be some way that this person is brought to court before the court has jurisdiction over that person, whether it's by a prosecutor or by a probation officer. Well, I think actually in the statute in California, Section 602 gives the court jurisdiction over the juvenile immediately upon the act. It says it's within the jurisdiction, broadly speaking, but the refuse to assume jurisdiction, I guess I don't understand how a court can say I don't have subject matter jurisdiction. So clearly, the statute is saying it's not going to exercise this authority over this individual, and so the does not have jurisdiction over this individual would occur if the prosecutor didn't bring the individual before the court. So it seems to read them consistently. We do have to not see the word jurisdiction as being read broadly in subject matter jurisdiction. Well, I think that U.S. v. Rasmussen, which is the District of Maryland case, 432F sub 140, in that case what the court required was that the prosecutor go to the court or the U.S. attorney, I should say, go to the court and the court said we are not going to we're refusing to exercise jurisdiction because an action hasn't been brought. Not that we don't have it, but that we can't assume it over this individual because an action hasn't been brought. And I don't think that's an untenable step to require when Congress has said that the purpose of these certifications under 5032 is to keep juveniles out of Federal court whenever possible. So you're saying in the first prong does not have jurisdiction, we should read subject matter jurisdiction, but in the second prong refuses to assume jurisdiction, we should read personal jurisdiction. Is that what you're suggesting? Yes, especially in light of the fact that in almost half the states, they're never going to have subject matter jurisdiction. The State of Alaska doesn't have the same provision as the State of California. If a juvenile is charged with alien smuggling in Alaska, they can't find themselves in State court with that offense. And that's an important part of 5032. I'm sure the State juvenile courts in Alaska would have jurisdiction over them for something, but not with respect to this offense. And because Congress, when drafting this provision of Section 5032, had to figure out a way to encompass all of the states, but was still trying to limit the number of juveniles brought into Federal court, they took care of a vast majority of the or not a vast majority, but one portion of the states by saying doesn't have jurisdiction, cannot happen, never in State court on these types of charges, and the other half about refusing. Why, in your hypothetical, where you suggest why ought the U.S. attorney not have to take the step of seeking advice from the State court as to the court's power or jurisdiction or ability to proceed as against this particular individual? Why doesn't the Supreme Court of California's decision in Mandalay v. Superior Court, 41 Pacific 3rd, and I realize to pull cases out of the air is unfair in a way. Shirley Hufstetler, who was a great member of this Court at one time, said the Court should always issue tentative decisions outlining in advance the cases it's concerned about and the issues, and we don't do that, and I apologize. But it seems to me that what Mandalay is saying, and that was the case where the argument was made successfully before the Intermediate Court of Appeals, that a State statute that permitted the prosecutor to bypass juvenile court, wardship proceedings, and move directly into criminal court, violated the separation of powers, because the prosecutor was, in effect, usurping the power of the court to determine who should be tried as a juvenile and who should be tried as an adult. And the Supreme Court said, no, the prosecutor has plenary authority over what prosecution is brought. It's only once a matter gets into court that the separation of powers gives the court discretion as to how to proceed. And it is only once a matter is in court that the legislature is limited by the separation of powers by Constitution in distributing power between the prosecutor and the courts. So if the U.S. attorney had inquired of a trial court, for example, under California law, can you proceed against this individual juvenile in the absence of action by the juvenile court? Can you go on and say no? I think Mandalay is a different situation than a juvenile actually charged under 602 because of the ability of a probation officer or even a person off the street to initiate a proceeding. Further, the juvenile court can take the ward in through these different avenues, so I don't necessarily think Mandalay may be controlling. I'm still not understanding the significance of that. I mean, why isn't it, with regard to the first clause, in this instance it has to do with the fact that he happened to be the prosecutor, but and maybe what you're saying is, well, the prosecutor, the fact that we know the prosecutor didn't prosecute isn't enough, maybe somebody else did, but somebody's got to get that juvenile into court, other than the court. Is that not correct? It's juvenile has to find himself in court some other way, but I don't think that So what is the pertinence of that specifically to this case? Is your complaint that there's no indication that somebody else didn't bring him into court, or what? That any of the procedures to get the juvenile court involved, since Congress specifically used the term court, having to refuse jurisdiction, not the term charging officer, prosecutor, DA, doesn't take away the juvenile court's ability over to deal with the juvenile on said case, if they're properly brought in. If somebody brings him in. So you answered Judge Akuta's question before by saying, yes, you saw one clause is dealing with subject matter jurisdiction and the other is in personam. Can you explain that? Well, I think that's a simpler, I mean, a simpler way to do it in that, given that certain courts are not going to have subject matter jurisdiction over these juveniles because of the way their state statutes are written, then you have the clause that figures out if they have subject, because if they don't have subject matter jurisdiction, then you would never get him to personal jurisdiction. Then we get to a way to determine whether or not that personal jurisdiction is going to get exercised by the court refusing to assume jurisdiction over the individual, saying it's more properly brought in Federal court, we're not going to proceed because the Federal government is. But that's not in personam. And what about the category of cases in which nobody ever brings a child to court? Then those cases should be funneled to the State court. If the Federal government wants to refer them to the State court. But you don't think they're in either clause? I think they fall under the second clause more than the first, because they could be. The idea is to channel them. I'm sorry, but you're contradicting yourself. No, I think that's. Are they in the second clause or are they not? An individual who's never brought before the court would have to be in the second clause, given that the idea of the statute, the purpose of this provision is to channel people into the State system. So the person who was never brought before the court would or wouldn't be somebody as to whom the court has refused jurisdiction? I think it may be neither, which means that they couldn't be properly certified for Federal court. Okay. So you're saying they're not in the second clause. They're not. They're basically in the State court. Unless the Federal government is in the State court. So that leads me to my last point. This statute is extremely mysterious in many ways. The last question is, after setting out the clauses, the statute then says, if the Attorney General does not so certify, so that would be in your category, what you say should have happened here, such juvenile shall be surrendered to the appropriate legal authorities of such State. Now, how do you interpret that when the State has not shown any interest in him? First of all, we don't have any – I think in a case like this, we don't know that the State ever was aware of him. Well, we know that somebody asked. I mean, if you assume the truth of what we've been told, somebody asked and was told that they don't want to prosecute. That they don't want to prosecute. And thus, a Federal prosecution was going to be initiated. At the end of that, if we can't certify that the State has refused to restriction and they have to be turned over to State court, that could be interpreted as turning them over to the appropriate juvenile, not wardship, but dependency proceedings, or whomever, whatever State authority could take the child. So your understanding would be that although the State has not theretofore – and that's plausible, but it has not exercised, shown any interest in him. Nonetheless, he should be surrendered to whoever would deal with juveniles in the State court. Whether it be Child Protective Services or Social Services Agency. Counsel, why – referencing only the second clause, the declined jurisdiction clause, why shouldn't we follow TM and say that the court has declined jurisdiction where a matter has been filed in the court, but for whatever reason the action is dismissed? Why should you decline? I don't think you have to. What TM says is that the second clause refers only to situations where a proceeding is brought in Federal court. The Federal court – I mean, not the Federal court, State court. State court does assert jurisdiction over the juvenile. And then for some reason, that action is dismissed. In, I think, the TM facts situation, it was dismissed at the request of the prosecutor. But you could think of other reasons that, for example, the State court may have a tougher search and seizure rules than the Federal court. There may be a variety of reasons why a prosecution might be brought and then dismissed. But TM says that all of those situations fall under the umbrella of declining jurisdiction. Why shouldn't we say that? I don't have a problem with that. That means the juvenile was properly brought through the appropriate State channels. The State channels then said, we're not going to handle this for whatever reason the prosecutor – the court – the case is dismissed, whether it's because the judge finds there's insufficient evidence or the prosecutor just feels like it. At that point, the State had their bite at the apple, and the appropriate State channels were the first. So that takes care of the second clause for us, but that leaves the first clause. The first clause is that the juvenile with respect to the alleged offense didn't have jurisdiction in the first place. Are you suggesting that that clause is limited to the situation, for example, an offense on a reservation where the State courts never had subject matter jurisdiction in the first place? Yes. Or the situations in States other than California, such as Alaska, where a violation of purely Federal law isn't – because you have to have jurisdiction not just over the juvenile period, but the juvenile with respect to the alleged offense, so solely Federal offenses. Given that Congress has said that the purpose of this whole thing is to keep kids in State – juveniles in State court and not in Federal court, I think the TM reading and the subject matter reading of the first clause – the TM reading of the second clause and the subject matter reading of the first clause satisfy those purposes. Okay. Thank you very much. It was a very useful argument. I let you go quite a while because we were asking long and complicated questions. Thank you. And we'll give you a minute or two for that, okay? And we'll give you a similar amount of time. Thank you. Good afternoon, Your Honor. Christopher Tonorio for the United States Appellate. In this case, it's our position that the – that not only is the opinion correct, that it came to the only possible correct resolution in this case. Of course, you've never made this argument. No, you're right. And in other cases, as I understand it, you haven't made this argument. Well, and I think you're right. I think part of the problem was that the government and I personally was confused when we were here the first time as to what all that encompassed about the jurisdiction. I think the reason that there is confusion here is that jurisdiction does address or does allude both to subject matter and personal jurisdiction. Sometimes they're intertwined and it has become confused. Now, even if we limit it to 5032 paragraph 1, which has those two parts, that it's either the state does not have jurisdiction or does not assume jurisdiction, I think there are three possibilities here. The first one – three reasons why it would apply. The first one would be that there's no subject matter jurisdiction in this state, as my colleagues pointed out, half the states won't have it over Federal jurisdiction. That's not the case, of course, here in California, but it does cover that. But it's not at all in all classes. It's a significant number of states. Right. They will not recognize any Federal crime as a basis for a juvenile delinquency. Right. Exactly. And 5032 would cover that under that first part. But it's our position that it also covers where there is subject matter jurisdiction, as here in California, or at least here in this case, but that there was no petition filed by either the probation officer or the prosecuting attorney, and therefore there was no personal jurisdiction over the juvenile in this case. Now, I concurred in the original opinion, but I have – there were two problems with it. One was addressed by the opinion and one is not. The one that's addressed by the opinion is at what juncture do you decide that there's been a determination not to assert jurisdiction? In other words, suppose the Federal Government – the Federal Government just starts right off and says – because in this theory, it doesn't matter whether they've declined jurisdiction, it just matters that they haven't asserted jurisdiction, because – in other words, the court has had no opportunity to assert jurisdiction over the individual. So suppose they just come in day one, never talk to the State prosecutors and say the State – the Federal court – the State court does not have jurisdiction. That would be, on this theory of what jurisdiction means, literally true, but it would seem to subvert the entire point of the statute. Well, I don't think it would be that easy to get past that point. That would certainly be a question addressed at the trial court level. When the – when the certification is brought, the U.S. attorney has to say one of these reasons, and if the reason is the State court does not have – You mean the attorney general? Yes. Yes. And the U.S. attorney, I guess, is designated under that power. If they were to say that the State doesn't have jurisdiction – But it would be true. Yes, but they – On this theory of what jurisdiction means. Yes, it would. And I think that you're right, that there would have to be a further query, is it because it's one of the States that doesn't have subject matter jurisdiction or is it that they don't have personal jurisdiction. And I do think the onus should be on us to show a little bit more as here. But why? In other words, if you are – if you read the statute, the opinion as written says something to the effect of, well, it can't just be temporary, it has to be a determination not to go – not to have jurisdiction. But if you read this – if you read it literally, the way you – I mean, there are two ways to literally read this. One way literally to read it is the way your opponent is reading it and to say that it says State court, it doesn't say prosecutor, and it is referring to the State court's ability to assert jurisdiction, not whether it is asserting jurisdiction in this particular instance. The other is the way the opinion data and the way you're promoting, which is to say jurisdiction is – we're sort of referring to it as in person jurisdiction. The individual has to be in court in some respect. So if you read it that way, why does it matter whether jurisdiction has been refused as opposed to never asserted? Well, I think it might be a couple other issues that are kind of worked in here. I think that 5032 presumes that the juvenile is already within at least the custody, if not the personal jurisdiction of the Federal court, because it refers to if you don't do A, B, and C, you have to surrender him to the juvenile court. So it's presuming that he's not in the custody or general jurisdiction of the State at that time. So the – The Federal government, not at the courts. Right. Right. And the wording that it says that in 5032 where it says not – this is how you can maintain jurisdiction or keep jurisdiction. It says you shall not have jurisdiction unless you do these conditions precedent. So I think it's – I don't – I still don't hear the answer to my question. Well, and I'm trying to see if I follow it correctly, and I may not. My question is this. If you were to walk into court – in this instance, you walked into court and you said you don't have jurisdiction, and you attached a little piece of paper that said that the State – you spoke to somebody, State prosecutor, who said they were declining to prosecute. Suppose you didn't have that second piece of paper, right? You just had the first one. And on inquiry, I mean, there's a whole other set of questions here, which is whether we go behind the certifications, which was the original question. But putting that aside for now, there's an inquiry that just suggests, well, what do you – how do we know that the State court doesn't have jurisdiction, you say, because no prosecutor in the State has brought the juvenile to State court. Has it ever declined? We don't know. All we know is it hasn't happened. All right. Is that adequate? Well, it does seem like it would be enough. I mean, I think it would be enough under this factual scenario. Then, however, we do have the problem of subverting congressional intent that the preference goes to the State court. Right. Right. Exactly. And that might be a problem. I don't think it's a pattern – a problem with this factual pattern, because we did have that other issue. But I do see what you're saying. But let me ask you this about – as I understand the California system, which I don't completely understand, but in general, the juvenile court would have jurisdiction over a juvenile accused of a crime, and in order to get the juvenile out of the system, there's some statutory exceptions. But in general, the probation officer or the prosecutor would have to petition the court to have a fitness hearing, and then the – if the court so finds him, the juvenile is transferred over to the criminal court system. Now, keeping that model in mind, which is California's, you know, obviously the supplies nationwide, why can't I make sense of this statute by saying the first prong does not have jurisdiction is, as your opponent says, subject matter jurisdiction, or there's a statutory exclusion for juveniles who have committed this sort of crime or who have committed a Federal crime, and then the refuses-to-assume jurisdiction would be once the juvenile, the minor, is in the juvenile court system, there's a fitness hearing, and the State court says this juvenile is not fit for juvenile crime treatment. I mean, that would seem to make sense of both prongs. What's wrong with that reading? No, I think that's correct. I think that's correct, and I agree. But then in this case, you lose. Well, no. If I – well, let me go through how I see it. I think for prong number one, it can cover both situations where there is – first this one. There's no subject matter jurisdiction by the States, conferred by the States, some State other than California. It would also be one where there is subject matter under the State, but as here, there was no petition filed, so there was no personal jurisdiction. The second prong could be the case where there is subject matter jurisdiction and the juvenile was brought before it because a petition was filed, therefore personal jurisdiction, but then the State refuses jurisdiction. And after that point – but I believe it has to be after a petition is filed and the personal jurisdiction is invoked. But so then, first of all, that's not a terribly literal reason, because it says refuses to assume jurisdiction, not declines jurisdiction after it was assumed. So that's problem one. Do you have any response to that? Well, I think the problem is there's a lot of reasons why it could refuse jurisdiction, I think, or refuse to assume. And I don't know the California system well enough to know when that takes place in relation to when they proceed. But looking at the reasons, there could be, as Judge Singleton pointed out, whether there's concurrent tribal jurisdiction, perhaps there's insufficient evidence, or perhaps they decide to transfer – go to proceedings to transfer him to adult status. Well, what if they do transfer – this is another mystery – if they transfer him to an adult court, does that mean that that is then a refusal of jurisdiction by his juvenile court, which will then lead the Feds to be able to bring a juvenile prosecution? I think it might. And I think my opponent's brief brought this out, and I agree with it, that that would seem to be those instances where 5032 does give preference to the Federal court, because if we follow congressional intent – Then what? Then you have two proceedings going on, one for juvenile proceedings in Federal court and one for adult proceedings in State court? Well, I think at the very least, you could have the adult proceedings in State court and Federal court, because Congress doesn't – in that case, wouldn't give preference to the State court, because they're not proceeding as a juvenile. If I could interject, I think in the California system, under certain circumstances, there can be a reverse transfer from the criminal court, if it's a minor, back to the juvenile court, so the juvenile court then reassumes jurisdiction. When that happens, does that mean that the Federal prosecutor no longer has jurisdiction? This is very confusing. Brian, well, I think at the very least in that situation, Congress would prefer the State court jurisdiction, but I still think that Federal court would have maintained the subject matter jurisdiction, assuming the facts are similar. Counsel, why shouldn't we recognize that our burden here is to reconcile both a Federal statute, which applies nationwide, with a local, or in this case, California, procedure that does not apply nationwide, and that in order to reconcile those, we have to look at how a State court obtains jurisdiction over a juvenile? And why shouldn't we say that in light of Mandoulay, that a prerequisite for a State, California State court, either at the adult level or the juvenile level, because that's what McCulloch, Manculli talks about, a prerequisite to have jurisdiction is action by the State prosecutor. And if the State prosecutor does not act, then the State court never has jurisdiction. And to reconcile that with congressional intent, a further inquiry must be made, and that is to determine, will the prosecutor act within a reasonable time? In other words, under California law, I assume the prosecutor has a certain period of time to decide whether to proceed, and it's only when it's clear that he is not going to proceed, or she is not going to proceed, that it could be said that the California courts would not in the future obtain jurisdiction over this child. And the easy way to find that out is simply to inquire of the requisite prosecutor, the prosecutor who otherwise would have control over this particular juvenile, do you intend to proceed or not? And apparently that was done in this case. It was clear that that prosecutor was not going to proceed, ergo we're on our way. Right. And I agree with that. And I'm saying that, I'm reminded of your argument, that then we can bypass that issue. And I can foresee that that's a problem, but I think that that would be consistent with what's required here, namely that even if the State does have the subject matter jurisdiction, the personal jurisdiction doesn't occur unless and until the petition is filed. Kagan. Kagan. Can I ask two questions that relate to the how this fits in with the other issues in this case? First of all, what is your current position on whether we are here we can see that we've just spent a half hour or an hour or something, and two different arguments dealing with the question of whether or not this certification is accurate. But the government's position is that it doesn't matter whether the certification is accurate. Is that still your position? No, it's not. Okay. It's not. And I think that's why I like your opinion a lot better than I like my argument from last time, because I think it's more accurate. By saying that there is no – there was no jurisdiction, I think it's accurate because it covers both those instances where there was no subject matter jurisdiction and as here where there was no personal jurisdiction. But you're not suggesting we should never be asking these questions, because that was your first argument. And it seems extremely difficult, in light of the fact that there are so many complexities here, to think that there's going to be the courts or whatever you say is just fine No, no, no. Absolutely. That's correct. I think the most accurate thing that would have been in a perfect world on the certification, we could have said there's no personal jurisdiction here because no petition was filed under Welfare and Institution Code section 650C, I believe it is. But that's the same thing as saying there's no jurisdiction. The State doesn't have any jurisdiction. And I think that's what would happen here, and that's the only possible resolution, because it wasn't an instance where the State court is refusing because it didn't have the opportunity to. And it's not accurate to say it's because the prosecutor refused to prosecute on the State side, because that's – that wouldn't be sufficient. So here, because there was no personal jurisdiction assumed by the State court, that's the only thing that we could have said, that there was no jurisdiction. And I perceive – I admit there's that issue if there was no homework done on the part of the Federal prosecutor to find out whether they're going to assume or not. But I think in this case, it was safely done that the State did not have jurisdiction.  Anything further? Thank you very much. Again, a very helpful argument. All right. Thank you. Going back to the very first question that you asked Judge Berzon about, well, if the State court prosecutor saying I don't have – I'm not going to prosecute this case means I don't have – there is no jurisdiction, why is the second clause then superfluous? Or why doesn't it matter? And I think the answer to that question, having listened to my colleague, is this. If a State court prosecutor saying I'm not going to proceed is tantamount to not having this jurisdiction, then so would be the same as a court dismissing it, because once the court dismisses the action brought, they no longer have personal jurisdiction. It would be the same as the juvenile court saying – it would be the same as if the court would no longer have any jurisdiction. And it brings the exact issue that the opinion said they didn't want to happen, that this shouldn't be a race from Federal prosecutors versus State prosecutors to who got through the door first. Saying that a State prosecutor's refusal to file or declination to file or whatever is tantamount to not having jurisdiction opens up that race, because – What does that lead to in terms of why we ought to adopt your version of things? We should adopt my version of things because it offers – it conforms with the plain language reading of the statute as much as that's possible with this particular statute. And I think it fits congressional purposes. Congress and this Court repeatedly have said we don't want juveniles in Federal court whenever we can manage it. And remembering that this is a very small section of crimes that even fall into this category, because drug crimes, crimes of violence, things with substantial Federal interest are covered separately. So this is crimes that are not violent and that are not drug crimes that the Federal Government may be able to prosecute. So reading it my way limits the number of Federal prosecutions of juveniles, which is congressional in effect. The practical effect of reading it your way is that if the State – if the State court has subject matter jurisdiction, could assert it if asked, then it doesn't make any difference whether it was asked. And so a certain number of people will not even have come to the attention of the State officials. But you would think that they'd come to their attention through the surrender clause? Is that what you're saying? Through the surrender clause or somebody arrested that child. Yes. Some law enforcement agent arrested that child. I don't know the provisions in each and every State, but I'm certain that they don't just get released to the street. They don't in California. They have to be delivered to someone. So through the surrender clause or through just probably dependent – whatever provisions the State has, if that child is – if the juvenile is arrested and then it's determined they can't be certified for Federal prosecution, the law enforcement agency is going to turn them over to someone. Okay. Thank you both very much. I know you were somewhat mystified by why we're having the argument. Maybe now you know why. So thank you very much. Thank you.
judges: Berzon, Ikuta, Singleton